**COLLINS TRUST, Appellant,**

v.

**ALLAMAKEE COUNTY BOARD OF SUPERVISORS OF ALLAMAKEE COUNTY, Iowa, William Kerndt, David Snitker, Arlyn Fossum, and Lyle Zieman, Appellees.**

No. 98–838.

Supreme Court of Iowa.

Sept. 9, 1999.

James Burns of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellant.

Peter J. Gartelos and Timothy D. Ament of Gartelos, Wagner & Ament, Waterloo, for appellees.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

CADY, Justice.

Collins Trust appeals a ruling by the district court denying its claim for damages against Allamakee County after the county engineer caused a fence erected by the Trust to be removed as an immediate and dangerous hazard to persons using a roadway. We affirm the district court.

## I. Background Facts and Proceedings.

Collins Trust is a family trust which owns property in Allamakee County near the Mississippi River. Railroad tracks run north and south through Allamakee County parallel to the Mississippi River and separate the eastern boundary of the Collins Trust property from the river. A county road runs parallel to the tracks to the west, and passes through the Collins Trust property for approximately one and one-half miles.

The road is commonly known as "Red Oak Road," but is officially designated as County Road number 224. It was originally established in 1860. The portion of the road which passes through the Collins Trust property consists of a dirt base, with some areas of gravel.

The County maintains the road at a low level. It has removed downed trees, placed gravel in wet spots, and installed culverts to improve drainage in the area. It does not maintain the road in the winter.

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

At some point, most likely prior to 1955, there was a train wreck on the tracks running parallel to Red Oak Road in the Trust property. The wreck blocked passage over the traveled portion of Red Oak Road, which caused vehicles using the road to pass around the debris. The debris was never cleared and a curve to the west of the road developed. The curve encroached upon the Collins Trust property, and continued until 1991, when Collins Trust decided to relocate Red Oak Road to its location prior to the train wreck. Collins Trust cleared the debris which covered the original road and installed a barbed wire fence parallel to the original location of the road. The fence was 800 feet long, and crossed the curve created after the train wreck at the north and south ends. Collins Trust also planted walnut tree seedlings within the area enclosed by the newly erected fence.

The county engineer discovered the fence shortly after it was erected and, without providing notice to Collins Trust, directed County employees to remove it. The fencing materials were removed and piled on Collins Trust property. These materials eventually disappeared by theft. None of the walnut seedlings survived.

Collins Trust subsequently brought an action against the Allamakee County Board of Supervisors for damages resulting from the destruction of the fence and trees. Following a bench trial, the district court concluded the curve in the road resulting from the train wreck was acquired by the County by prescription, and the fence crossing the curve in the road was properly removed by the County as an immediate and dangerous hazard to persons or property using the highway.

On appeal Collins Trust claims the district court erred by finding the County acquired the curve in the road by prescriptive easement. It also claims the district court erred by finding the County properly removed the fence as an immediate and dangerous hazard to persons using the road.

## II. Standard of Review.

■ Generally, our review of a decision by the district court following a bench trial depends upon the manner in which the case was tried to the court. *See Howard v. Schildberg Constr. Co., Inc.,* 528 N.W.2d 550, 552 (Iowa 1995); *National Bank & Trust Co. v. Campbell,* 463 N.W.2d 104, 107 (Iowa App.1990). Although this case was docketed in equity, it was tried to the district court as a law action. Consequently, the County claims our standard of review is for errors of law.

■ We recognize the essential character and relief sought in an action determines whether it is at law or equity. *See Quigley v. Wilson,* 474 N.W.2d 277, 279 (Iowa App.1991). Collins Trust does not challenge the decision by the district court to try the case at law. Accordingly, we review for errors at law. *See* Iowa R. App. P. 4. We are bound by the trial court's findings of fact if they are supported by substantial evidence. *Vincent v. Four M Paper Corp.,* 589 N.W.2d 55, 59 (Iowa 1999). We are not bound, however, by the trial court's application of legal principles or conclusions of law. *Id.*

## III. Prescriptive Easement.

■ One recognized method to establish an easement is by prescription. *Mensch v. Netty,* 408 N.W.2d 383, 387 (Iowa 1987); *see also* 25 Am.Jur.2d *Easements and Highways* § 45, at 615 (1996). An easement by prescription is created under Iowa law when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and hostilely for ten years or more. *Larman v. State,* 552 N.W.2d 158, 161 (Iowa 1996); *Simonsen v. Todd,* 261 Iowa 485, 489, 154 N.W.2d 730, 732 (1967); *see also* Iowa Code § 564.1 (1997). It is based on the principle of estoppel and is similar to the concept of adverse possession. *Webb v. Arterburn,* 246 Iowa 363, 378, 67 N.W.2d 504, 513 (1954) (easement by prescription

is based on the principle of estoppel); *see also Tamm, Inc. v. Pildis*, 249 N.W.2d 823, 838 (Iowa 1976) (adverse possession is analogous to easement by prescription). In fact, we apply the principles of adverse possession to establish a prescriptive easement and use adverse possession to describe an easement by prescription. *Larman*, 552 N.W.2d at 162 (principles of adverse possession are used to establish an easement in real property); *Prymek v. Washington County*, 229 Iowa 1249, 1254–55, 296 N.W. 467, 471 (1941) (easement by prescription is easement by adverse possession). The fundamental distinction between the two doctrines is an easement by prescription concerns the use of property, while adverse possession deals with the acquisition of title to property by possession.

Collins Trust claims there was insufficient evidence to establish the requirements of an easement by prescription. It argues the use of the curve in the road by the public established neither hostile use of the property nor a claim of right. Additionally, the Trust claims it had no notice of any claim of right until the County removed the fence.

## A. Claim of Right.

■ The hostility and claim of right requirements of a prescriptive easement are closely related. *See Burgess v. Leverett & Assocs.*, 252 Iowa 31, 36, 105 N.W.2d 703, 706 (1960) (conduct which shows intention to hold title exclusive of others shows hostile possession). Hostility does not impute ill-will, but refers to declarations or acts revealing a claim of exclusive right to the land. 3 Am.Jur.2d *Adverse Possession* § 50, at 143 (1986). Similarly, a claim of right requires evidence showing an easement is claimed as a right. Iowa Code § 564.1; *Larman*, 552 N.W.2d at 162; *see also Evert v. Turner*, 184 Iowa 1253, 1254, 169 N.W. 625, 626 (1918) (claim of right cannot rest on possession, but needs declaration or acts of hostility to the true owner). Thus, mere use of land does not, by lapse of time, ripen into an easement.[1] *Schaller v. State*, 537 N.W.2d 738, 742 (Iowa 1995); *Merritt v. Peet*, 237 Iowa 1200, 1207, 24 N.W.2d 757, 761 (1946). A party claiming an easement by prescription must prove, independent of use, the easement was claimed as a matter of right. Iowa Code § 564.1; *Simonsen*, 261 Iowa at 496, 154 N.W.2d at 736.

■ Although mere use does not constitute hostility or a claim of right, some specific acts or conduct associated with the use will give rise to a claim of right. *See Barnes v. Robertson*, 156 Iowa 730, 733–34, 137 N.W. 1018, 1019 (1912) (finding that where a road had been legally established, used, worked, and improved, the public was acting under a claim of right); *Lynch v. Lynch*, 239 Iowa 1245, 1255, 34 N.W.2d 485, 490 (1948) (claim of right inferred where party set out trees, erected a house and buildings, enclosed premises by fence, cultivated the land, and treated land precisely as an owner). Thus, acts of maintaining and improving land can support a claim of ownership and hostility to the true owner. *See* 3 Am.Jur.2d *Adverse Possession* § 139, at 224; *see also Weidner v. Alaska Dep't of Transp.*, 860 P.2d 1205, 1210–11 (Alaska 1993).

■ The precise evidence to support the requirements of prescriptive easement can vary, and ultimately, each case rests on its own particular facts. However, under our standard of review, we find substantial evidence to support the district court finding that the curve in the road was used hostilely and by a claim of right.

The County not only annually maintained the road for several decades, but

---

1. Likewise, permissive use of land is not considered adverse or under a claim of right. *Mensch*, 408 N.W.2d at 387. Permissive use, however, may ripen into a prescriptive easement where "the party claiming the easement has expended substantial amounts of labor or money in reliance upon the servient owner's consent or his oral agreement to the use." *Simonsen*, 261 Iowa at 489, 154 N.W.2d at 733.

also installed and maintained a culvert in the curve of the road to promote drainage. This type of conduct was more than mere use, but was conduct which an owner of land would perform. It is sufficient to support a finding that the County claimed the curve in the road as a right. The fighting question turns to whether there is substantial evidence to support a finding that Collins Trust had express notice of the public's claim.

### B. Express Notice.

■ The open and notorious requirements of a prescriptive easement exist to help place the true owner of land on notice of the adverse use of the land by another. *See* 3 Am.Jur.2d *Adverse Possession* § 69, at 165–66. Under Iowa law the owner is required to have "express notice" of any claim of adverse possession. Iowa Code § 564.1. In *Larman*, we determined:

> These requirements ensure the landowner knows another's use of the property is claimed as a right hostile to the landowner's interest in the land. Otherwise, the landowner may incorrectly assume the other's use results merely from the landowner's willingness to accommodate the other's desire or need to use the land.

*Larman*, 552 N.W.2d at 162.

■ The notice requirement extends not only to the public use of the land, but also the public's claim to the land independent of use. *Id.* The notice must either be actual or "from known facts of such nature as to impose a duty to make inquiry which would reveal the existence of an easement." *Anderson v. Yearous*, 249 N.W.2d 855, 861 (Iowa 1977); *see also Wright v. Wright*, 270 Ga. 530, 512 S.E.2d 618, 620 (1999) (provides a similar test for "express notice").

■ The record shows the Collins family was very familiar with the road running through its property and used it from time to time over the years. The family was also aware of the train wreck, and knew

the road had moved into its property to curve around the wreckage. The family was aware the County maintained the road with its grader equipment and knew a culvert was installed in the curved portion of the road several decades ago. The family also knew the County installed the culvert. This evidence is sufficient to satisfy the "express notice" requirement under section 564.1, not only of the public use of the curve in the road for the last forty years or so, but the public's claim to the easement as well. The public expenditure of funds to maintain and repair the curve in the road over the years was known to Collins Trust and were acts of such a nature to support the public's claim of ownership. *See Kratina v. Board of Comm'rs of Shawnee County*, 219 Kan. 499, 548 P.2d 1232, 1237 (1976) (owner is charged with notice of claim of right when road is worked on by the county because public bodies have no authority, and are not frequently known, to devote public money to private roads). Consequently, we find the district court did not err by finding the County acquired the curve in the road by prescriptive easement.

### IV. Removal of Fence.

A county is permitted to remove obstructions on highways located within its jurisdiction. *See generally* Iowa Code ch. 319. Our legislature, however, requires the county to first give notice to the owner of the property causing the obstruction before it may be removed, unless the obstruction "constitutes an immediate and dangerous hazard" to persons or property lawfully using the right of way. *See id.* §§ 319.2, .13. If an "immediate and dangerous hazard" exists, the county is not required to give notice prior to removal and is not liable for any damages. *See id.* §§ 319.6, .13. Additionally, the costs of the removal become the responsibility of the owner of the obstruction. *Id.*

Collins Trust claims the fence did not constitute an "immediate and dangerous hazard." It maintains travel was not hin-

dered by the fence because the debris had been cleared from the original road and a path was available for motorists to use. Consequently, it asserts the County lost its statutory immunity from liability for damages by failing to provide notice.

What constitutes an "immediate and dangerous hazard" depends on the facts of each case and is generally a question for the finder of fact. *See Koehler v. State,* 263 N.W.2d 760, 765 (Iowa 1978). The exception to the notice requirement exists to protect the public, and necessarily considers all the surrounding circumstances including the nature of the hazard and the likelihood of harm if not immediately removed. In this case, the fence was constructed of barbed wire and covered the entire width of the traveled portion of the road. The road was narrow and had no lights or signs to alert motorists of the obstruction or the change in the path of the road. Motorists had become accustomed to using the curve in the road over the years. Furthermore, the fence forced motorists to leave the established roadway and use an alternative, less stable, route created by the Trust. Under these facts, we find substantial evidence to support the determination by the trial court that the fence constituted an "immediate and dangerous hazard" to persons or property using the roadway.

### V. Conclusion.

We affirm the decision of the district court.

**AFFIRMED.**