Raymond D. JOHNSON and Carol A. Johnson, Appellants,

v.

Anthony Joe KASTER and Janice Marie Kaster, Appellees.

No. 99–1689.

Supreme Court of Iowa.

Dec. 19, 2001.

Sidney F. Drake, Centerville, for appellants.

Robert Kohorst of Kohorst Law Firm, Harlan, for appellees.

STREIT, Justice.

Although movable, a mobile home can sink deep roots. This case involves a parcel of land that has been used for over thirty years by people who do not have title to the property. Anthony and Janice Kaster, and their predecessors in title, have positioned a mobile home partially on their neighbors' property for over thirty years. Raymond and Carol Johnson currently own the disputed property and challenge Kasters' right to infringe in this way. Johnsons claim the district court erred when it found Kasters created an easement in the disputed property. They further challenge the dismissal of their petition to recover real estate. Finally, Johnsons challenge both the nature and extent of the easement the district court granted to Kasters. Because we find Kasters established a prescriptive easement and Johnsons may not now challenge the court's authority to award an easement limited in duration, we affirm.

## I. Facts

This dispute involves two parcels of land located adjacent to one another in the town of Moravia, Iowa. The first parcel,

Lot 25, and the mobile home are owned by Kasters and were acquired by them in 1994 from Everett Long. The mobile home is also, in part, positioned on a bordering parcel of land owned by Johnsons. Johnsons acquired this property from CMC Heartland Partners in 1998 by quit claim deed. The disputed property is the area of Johnsons' property onto which Kasters' mobile home extends ("disputed property"). Originally, the disputed property was part of the railroad right of way acquired by Chicago, Milwaukee & St. Paul Railway Company. The disputed area occupied by the mobile home and yard measures sixty by seventy-five feet.

Johnsons filed a petition under Iowa Code chapter 646 (1999), asking that they be declared the owners of the disputed property. They further requested Kasters be ousted from the property. Kasters answered this petition raising affirmative defenses of adverse possession and easement by prescription.

At trial, Joe Kaster testified that years ago Rex Angel, a predecessor in title to the Kaster property, told him he owned the disputed property. Over Johnsons' hearsay objection, the trial court allowed the testimony under Iowa Rule of Evidence 803(23).

After the trial, the district court dismissed Johnsons' petition and awarded Kasters an easement over the disputed property. The court found there had been a mobile home on the property for at least twenty years prior to Johnsons' acquisition of the land. The court found Kasters had a claim of right to the property. Rather than finding the easement runs with the land, the court permitted Kasters to continue placement of the mobile home, garage, outbuildings and appurtenances as long as Kasters continued to use the mobile home as their primary residence.

Johnsons appeal, asserting the district court erred in: (1) admitting the hearsay testimony of Angel; (2) finding Kasters established a prescriptive easement; (3) dismissing Johnsons' petition; (4) granting Kasters a "personal" easement; and (5) incorrectly defining the nature and extent of the easement.

## II. Scope of Review

The parties have not agreed on the scope of our review. Johnsons contend the scope of review is at law as to their claim the trial court erred in dismissing the petition to recover real estate. As to their other claims, Johnsons believe the appropriate scope of review is in equity. Kasters argue the scope of review is at law.

Generally, we will hear a case on appeal in the same manner in which it was tried in the district court. *Davis–Eisenhart Mktg. Co., v. Baysden,* 539 N.W.2d 140, 142 (Iowa 1995). The appropriate scope of review for the challenge to the trial court's dismissal of the petition to recover real estate is at law. Iowa Code § 646.1 (1999). The trial court's findings carry the force of a special verdict and are binding on us if supported by substantial evidence. *Meyers v. Delaney,* 529 N.W.2d 288, 289–90 (Iowa 1995); Iowa R.App. P. 14(f)(1). If the findings are ambiguous, they will be construed to uphold, not defeat, the judgment. *Byers v. Contemporary Indus. Midwest, Inc.,* 419 N.W.2d 396, 397 (Iowa 1988). All of the other claims will be reviewed in equity and as such our review is de novo. Iowa R.App. P. 4. We have the responsibility to examine the facts as well as the law and decide anew the issues properly preserved. *Fencl v. City of Harpers Ferry,* 620 N.W.2d 808, 811 (Iowa 2000) (citing *Rouse v. Union Township,* 530 N.W.2d 714, 716 (Iowa 1995)). We give weight to the dis-

trict court's findings of fact, but we are not bound by these findings. *Perkins v. Madison County Livestock & Fair Ass'n*, 613 N.W.2d 264, 267 (Iowa 2000). "[W]e are especially deferential to the district court's assessment of witness credibility." *Id.*

### III. Merits

In response to Johnsons' petition, Kasters claimed affirmative defenses based on adverse possession and easement by prescription. The trial court determined Kasters, through their predecessors, maintained possession of the disputed property for over ten years and under a claim of right. The district court granted Kasters an easement in the disputed property not to run with the land. Johnsons claim there was insufficient evidence to establish an easement of any kind in the Johnson property. We must determine what right, if any, Kasters have to use and possess the disputed property.

### A. Nature of Kasters' Interest in the Disputed Property

Easements may be created in one of three ways: (1) express written grant; (2) prescription; or (3) implication. *Wymer v. Dagnillo*, 162 N.W.2d 514, 516 (Iowa 1968). Kasters have not claimed they have an easement by express written grant or by implication. The issue is whether Kasters have an easement by prescription.

Under Iowa law, an easement by prescription is created when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and hostilely for ten years or more. Iowa Code § 564.1; *Collins Trust v. Allamakee County Bd. of Supervisors*, 599 N.W.2d 460, 463 (Iowa 1999). It is based on the principle of estoppel and is similar to the concept of adverse possession. *Collins Trust*, 599 N.W.2d at 463 (citing *Webb v. Arterburn*, 246 Iowa 363, 378, 67 N.W.2d

504, 513 (1954)). We consider principles of adverse possession when determining whether an easement by prescription has been created. *Collins Trust*, 599 N.W.2d at 464 (citing *Larman v. State*, 552 N.W.2d 158, 162 (Iowa 1996)). However, the concepts of adverse possession and easement by prescription are not one and the same. Rather, easement by prescription concerns the use of property and adverse possession determines acquisition of title to property by possession. *Collins Trust*, 599 N.W.2d at 464. For Kasters to claim a right to continued use of the disputed property, they must show something more than use for the statutory period. They must also show they claimed an easement as of right, and this must be established by evidence distinct from and independent of their use. *See id.;* Iowa Code § 564.1. Finally, Kasters must show Johnsons and their predecessors in title had express notice of their claim of right to use the disputed property. *See Webb*, 246 Iowa at 384, 67 N.W.2d at 516. We first examine whether Kasters have a claim of right to the disputed property.

#### 1. Claim of Right

Evidence tending to show hostility and claim of right to satisfy the requirements of a prescriptive easement is of a similar nature. *See Collins Trust*, 599 N.W.2d at 464 (citing *Burgess v. Leverett & Assoc.*, 252 Iowa 31, 36, 105 N.W.2d 703, 706 (1960)) (conduct which shows intention to hold title exclusive of others shows hostile possession). Hostility of possession does not imply ill will, but only an assertion of ownership by declarations or acts showing a claim of exclusive right to the land. 3 Am.Jur.2d *Adverse Possession* § 50, at 143 (1986). However, mere use of land does not, by lapse of time, ripen into an easement. *Schaller v. State*, 537 N.W.2d 738, 742 (Iowa 1995). A party

claiming an easement by prescription must prove, independent of use, the easement was claimed as a matter of right. Iowa Code § 564.1; *Collins Trust,* 599 N.W.2d at 464 (citing *Simonsen v. Todd,* 261 Iowa 485, 489, 154 N.W.2d 730, 732 (1967)).

Though mere use does not constitute hostility or claim of right, we have held certain acts, including maintaining and improving land, can support a claim of ownership and hostility to the true owner. *See, e.g., Barnes v. Robertson,* 156 Iowa 730, 733–34, 137 N.W. 1018, 1019 (1912) (where a road was legally established, used, worked, and improved, the public was acting under a claim of right); *Lynch v. Lynch,* 239 Iowa 1245, 1255, 34 N.W.2d 485, 490 (1948) (claim of right found where party set out trees, erected a house and buildings, enclosed premises by fence, cultivated the land, and treated land precisely as an owner).

 Ultimately, we must determine on a case-by-case basis whether there is evidence to support the requirements of a prescriptive easement. *Collins Trust,* 599 N.W.2d at 464. We now turn to the facts before us to determine whether Kasters have a claim of right to the disputed property. From as early as 1966 to the present, Kasters or their predecessors in title to Lot 25 had a mobile home on the property. In 1994, when Kasters purchased Lot 25, their lot had a nine by forty foot mobile home positioned mostly on Lot 25. However, some of the mobile home extended onto the disputed property owned by Johnsons. Kasters used this mobile home as their primary residence. In 1997, Kasters replaced the original mobile home with a sixteen by eighty foot mobile home in approximately the same location. This new mobile home extended approximately forty additional feet onto the disputed property.

Since Kasters moved onto Lot 25 in 1994, they have made many uses of the disputed property. Kasters maintained the original mobile home for three years and later replaced the original mobile home with a new one in 1997. Kaster has mowed the disputed property and generally cleaned up the area since they moved in. He has torn out trees and torn down a house on the disputed property. Since Kasters acquired Lot 25, they have used a garage located almost entirely on the disputed property. The garage has since been relocated and now appears to be closer to Lot 25. In general, Kasters have treated the disputed property as any other owner of real estate might do. There is no evidence to suggest Johnsons contributed to the maintenance of the disputed property or used it for their own benefit. *See Huebner v. Kuberski,* 387 N.W.2d 144, 147 (Iowa Ct.App.1986) ("[a] mixed, shared or scrambled possession is not exclusive and will not ripen into title"). No one, other than Kasters, has maintained any portion of the disputed property. Although not necessary to establish a prescriptive easement, the nature of Kasters' acts support a claim of exclusive possession of the disputed property.

 Johnsons contend Kasters' use is not exclusive and as such they have failed to satisfy the requirements of a prescriptive easement. Johnsons claim people other than Kasters have been known to park cars on the disputed property. However, unlike adverse possession, continuous, adverse possession for a prescriptive easement does not mean constant use. Similarly, the use need not be exclusive. Rather, a claimant's possession "need only be of a type of possession which would characterize an owner's use." 2 C.J.S. *Adverse Possession* § 54, at 727 (1972). Furthermore, "mere casual intrusion by others on property occupied by the

adverse claimant does not deprive his possession of its exclusive character. . . ." *Id.* § 56, at 729–30.

Since approximately 1950, when Everett Long acquired Lot 25, until the present time, Kasters and their predecessors in title have been the only people to use and maintain the neighboring disputed property. Prior to Kasters' possession of Lot 25, Long, and before him Rex Angel, owned the property. Long used the mobile home on Lot 25 as an office. Angel used Lot 25 for residential purposes. Kasters had reason to believe they owned the disputed property because of their prior observations of the use and ownership of Lot 25 by Long and Angel. The trial court found Kasters and their predecessors in title used the disputed property for more than ten years. The court further found their use was continuous in nature and open and obvious to predecessors in title to the Johnson property. In support of this finding, the trial court concluded the Chicago, Milwaukee, St. Paul & Pacific Railway Company was aware of both Long's and Angel's use of the disputed property for more than twenty years before Kasters even acquired Lot 25. There is evidence *other* portions of Johnsons' property were used by various third parties to store or dump used motor vehicles, dirt, construction vehicles and equipment, a semi-truck, and barrels. There is no evidence Kasters or their predecessors were ever interrupted in their exclusive use of the disputed property. The evidence of actual possession and use of the disputed property by Kasters and their predecessors substantiates their claim of right.

### 2. Express Notice

■■■■■ Under Iowa law the owner or the grantor is required to have "express notice" of any claim of adverse possession. Iowa Code § 564.1. This requirement ex-

ists to help place the true owner of land on notice of the adverse use of the land by another. *See* 3 Am. Jur. 2d *Adverse Possession* § 69, at 165–66. This requirement "ensure[s] the landowner knows another's use of the property is claimed as a right hostile to the landowner's interest in the land. Otherwise, the landowner may incorrectly assume the other's use results merely from the landowner's willingness to accommodate the other's desire or need to use the land." *Larman,* 552 N.W.2d at 162. The notice must be actual or "from known facts of such nature as to impose a duty to make inquiry which would reveal the existence of an easement." *Collins Trust,* 599 N.W.2d at 465 (quoting *Anderson v. Yearous,* 249 N.W.2d 855, 861 (Iowa 1977)); *see also Webb,* 246 Iowa at 383, 67 N.W.2d at 515 (notice may be express, or any notice or knowledge whatsoever that the appellants or their predecessors in title claimed the easement as a matter of right). "The law imputes to a purchaser such knowledge as he would have acquired by the exercise of ordinary diligence. Thus, where the easement is open and visible, the purchaser of the servient tenement will be charged with notice. . . ." 28A C.J.S. *Easement* § 114, at 297 (1996).

■■■■ The determination of whether Kasters complied with the express notice requirement of Iowa Code section 564.1 turns on the particular facts of the case. The use and possession of the disputed property by Kasters and their predecessors in title were confined to the same location. Since 1966, a mobile home has been located on the disputed property. Kasters replaced the mobile home on the disputed property before Johnsons' acquired their real estate. Additionally, there is evidence the owners of the disputed property prior to Johnsons were well aware of the use and possession of the

disputed property by Kasters and their predecessors in title. All evidence of maintenance, use, and support of the disputed property stems back to over ten years prior to the time Johnsons acquired title in the disputed property. We have held that the ten-year continuous possession requirement may be established by "tacking" onto the claimant's possession time by his predecessors in interest. *Burgess,* 252 Iowa at 35, 105 N.W.2d at 706. When Long owned Lot 25, he also used and maintained the disputed property. Both Long and Angel made use of the disputed property regularly and openly. They both parked their cars on the disputed property and used the mobile home located on it. We conclude the use and possession of the disputed property by Kasters and their predecessors in title has been for more than the requisite ten-year period. The use was open, visible, and sufficient to put a person of ordinary prudence on notice of the fact the disputed property was held exclusively by Kasters or their predecessors in title. *See* 3 Am. Jur. 2d *Adverse Possession* § 69, at 165.

Whether it was Chicago, Milwaukee & St. Paul Railway Company, CMC Heartland Partners, or Johnsons, the owners of the disputed property surely had notice of the mobile home located partially on the disputed property. Furthermore, Johnsons and their predecessors in title knew the owners of Lot 25 were exclusively using and maintaining the disputed property. We conclude the trial court properly found Kasters established the requirements for an easement by prescription. Because we find the district court's action in dismissing Johnsons' petition for recovery of real estate was supported by substantial evidence, we affirm.

## IV. Hearsay Objection

■ Over Johnsons' objection, the court permitted Mr. Kaster to testify to statements made by Angel to Kaster. Kaster testified that when he was in high school, Angel told Kaster he owned the property that later fell into dispute. The trial court admitted this statement as an exception to the hearsay rule concerning declarations of a landowner as to the location of boundaries, made while the declarant was the owner and in possession of the land. Iowa R. Evid. 803(23). In pertinent part, this rule states "judgments" concerning personal, family, or general history or boundaries are admissible as an exception to the hearsay rule. Iowa R. Evid. 803(23).

■ Assuming, without deciding, Angel's statement is hearsay, it is not admissible under hearsay exception 803(23). The statement as to Angel's ownership of certain property is not evidence of a judgment and thus the exception is not implicated here. However, the record does not reflect Johnsons' substantial rights were affected by the admission of the statement. *McClure v. Walgreen Co.,* 613 N.W.2d 225, 235 (Iowa 2000). Although a presumption of prejudice arises when a court receives irrelevant evidence over a proper objection, the presumption is not sufficient to require reversal if the record shows a lack of prejudice. *Mercer v. Pittway Corp.,* 616 N.W.2d 602, 612 (Iowa 2000); *Graber v. City of Ankeny,* 616 N.W.2d 633, 638 (Iowa 2000); *McClure,* 613 N.W.2d at 235. The court did not rely, nor do we, on Angel's statement in determining whether Kasters established an easement in the disputed property. Because the statement made by Angel to Kaster did not prejudice Johnson, we conclude there was no reversible error. We affirm.

## V. Easement

■ The trial court found Kasters satisfied the requirements of a prescriptive

easement.[1] The court granted Kasters an easement "to maintain the mobile home located on the disputed property ... along with any garage, outbuildings, and other appurtenances." The court limited the duration of the easement to last only as long as either Joe Kaster or Marie Kaster uses the mobile home presently on the disputed property as their primary residence and declared that it did *"not* run with the land." (Emphasis added.) Johnsons contend the trial court abused its discretion in granting what Johnsons have characterized as a "personal" easement to Kasters because there is no legal authority to grant a limited easement.

The court's limitation on the duration of the easement, though not strictly sanctioned in the law, works to Johnsons' advantage. The ruling effectively curtails the use of the disputed property by limiting it to continued residential use by Kasters. The court's ruling allows Johnsons to recover the disputed property when Kasters no longer use it as their home. Given the facts established at trial, the court could have determined Kasters established an easement that runs with the land. However, the court limited the scope of the easement. This court's judgment is not adverse to Johnsons, but inures to their benefit. They may not now complain of this ruling. We affirm.

### VI. Extent of the Easement

 Johnsons also claim the trial court erred in the nature and extent of the

easement. Specifically, Johnsons contend, even if we find Kasters established an easement, the easement granted by the trial court is invalid because it substantially increased the burden on the Johnson property. However, the trial court never ruled on the issue of the expansion of the easement. Johnsons raise this issue for the first time on appeal. When the court fails to resolve an issue, a request to enlarge or amend the findings is necessary to preserve error. Iowa R. Civ. P. 179(b) (1999);[2] *Lawrence v. Grinde,* 534 N.W.2d 414, 418 (Iowa 1995). The purpose of a rule 179(b) motion is "to advise counsel and the appellate court of the basis of the trial court's decision in order that counsel may direct his attack upon specific adverse findings or rulings in the event of an appeal." *Ritz v. Wapello County Bd. of Supervisors,* 595 N.W.2d 786, 789 (Iowa 1999) (quoting *City of Fort Dodge v. Civil Serv. Comm'n,* 562 N.W.2d 438, 440 (Iowa Ct. App.1997)). Since Johnsons did not move under Iowa Rule of Civil Procedure 179(b) for an enlargement or modification of the trial court's conclusions, we find error was not preserved and decline to address the issue on appeal.

### AFFIRMED.

All justices concur except, LARSON, J., who takes no part.

---

1. Examination of the facts of this case may lead to the conclusion Kasters established the elements of adverse possession, as opposed to an easement. Though resolution of this case seems to be most appropriate under the doctrine of adverse possession, neither party pursued this theory further than the initial pleadings. The district court made no finding as to whether Kasters established the elements of adverse possession. As such, our review is limited to examining the facts and law properly preserved regarding an easement.

2. Iowa Rule of Civil Procedure 179(b) provides, in part: "[o]n motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly on a different judgment or decree substituted...."