# IN THE COURT OF APPEALS OF IOWA

No. 13-2034
Filed April 8, 2015

**RANDOLPH W. WOODROFFE and**
**JANICE M. WOODROFFE,**
     Plaintiffs-Appellants,

**vs.**

**ELDA H. WOODROFFE and**
**KERWIN WOODROFFE,**
     Defendants-Appellees.
_____

**ELDA H. WOODROFFE and**
**KERWIN WOODROFFE,**
     Counterclaim Plaintiffs,

**vs.**

**RANDOLPH W. WOODROFFE and**
**JANICE M. WOODROFFE,**
     Counterclaim Defendants.
_____

Appeal from the Iowa District Court for Lee (North) County, John G. Linn

Judge.

The plaintiffs appeal from the district court ruling denying their trespass

claim and finding the defendants have an easement by implication. **AFFIRMED.**

Robert S. Hatala of Simmons, Perrine, Moyer & Bergman, P.L.C., Cedar

Rapids, for appellants.

Timothy D. Roberts of Anderson, Roberts, Port, Wallace & Stewart, L.L.P.,

Burlington, for appellees.

Considered by Potterfield, P.J., and Sackett and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

The plaintiffs, Randolph H. Woodroffe and Janice M. Woodroffe, appeal from a district court's finding that the defendants, Elda H. and Kerwin Woodroffe, have an easement across plaintiffs' land for use of a septic system and dismissing plaintiffs' claims of trespass and damages. The defendants counterclaimed, and the district court dismissed their counterclaim in part but declared they had an easement by implication in a septic system located on the plaintiffs' property. We affirm.

**BACKGROUND.** The plaintiffs own a tract of land described in these proceedings as Tract A. There is a part of a septic system and a septic tank on Tract A. It services a home on the tract where Elda resides. She has a life estate in a tract described in this proceeding as a 2.1-acre tract of land adjoining Tract A.[1] Kerwin holds the remainder interest in the 2.1-acre tract.

Both tracts, along with other land, were originally owned by Charles Woodroffe, the grandfather of Randolph and Kerwin.

In 1956, Elda and her deceased husband, Glenn, built a home on the 2.1-acre tract and installed the septic tank on Tract A. On November 18, 1959, Charles reserved a life estate in Tract A to himself, gave Glenn a life estate in the property, and gave the remainder interest in the property to Glenn and Elda's children.

---

[1] It is not entirely clear how or when Elda got her life estate. However, it is not contested by the plaintiffs, who indicated they would not force the removal as long as she was using the system.

Charles died in November 27, 1974. Glenn died on October 22, 2002. Following Glenn's death, a partition action was filed addressing the property in question and other family property. Apparently as a result of the partition action, there was a land auction. Elda, Kerwin, and Anita L. Erickson[2] purchased the 2.1-acre tract subject to Elda's life estate. Randolph and his wife, Janice, purchased Tract A. At the time of this litigation in 2013, Elda continued to live in the residence on the 2.1-acre plat and she continued to utilize the septic system that was west of her residence and extended onto Tract A.

On November 22, 2013, the district court entered findings of fact, conclusions of law, and an order that declared Elda and Kerwin had an easement by implication to the septic system, and that the plaintiffs' trespass claim was estopped by acquiescence. The district court order dismissed plaintiffs' petition at law and the defendants' remaining counterclaims with costs taxed to the plaintiffs.

On December 13, 2013, the plaintiffs filed a motion to correct the November 22, 2013 ruling, contending the issues of an easement by implication and estoppel by acquiescence were not raised by the defendants and the November 22, 2013 ruling should be amended. On December 20, the plaintiffs filed a notice of appeal from the November 22, 2013 ruling.

On December 23, 2013, after the notice of appeal was filed and served, the district court ruled on plaintiffs' motion, finding the facts of the case also

_____

[2] Erickson was initially sued in this action but dismissed her counterclaim against the plaintiffs after transferring her interest in the property. The plaintiffs dismissed their claims against her just prior to the start of trial.

supported a finding that defendants have a prescriptive easement for the septic system because Glenn and Elda expended significant labor or money on the system and relied on the consent of Charles Woodroffe in building it. The court also affirmed its earlier ruling that the defendants also have an easement by implication.

**SCOPE OF REVIEW.** The plaintiffs contend that our review is de novo. Whether the district court tried a proceeding in equity or at law is determinative of our scope of review on appeal. *In re Mount Pleasant Bank & Trust Co.*, 426 N.W.2d 126, 129 (Iowa 1988). If the district court tried the case at law, our review is for correction of errors of law. *Id.* If tried in equity, our review is de novo. Iowa R. App. P. 6.907. If there is uncertainty about the nature of a case, an often-used litmus test is whether the trial court ruled on evidentiary objections. *Citizens Sav. Bank v. Sac City State Bank*, 315 N.W.2d 20, 24 (Iowa 1982). When a trial court does rule on objections, it is normally the hallmark of a law trial, not an equitable proceeding. *Sille v. Shaffer*, 297 N.W.2d 379, 380-81 (Iowa 1980).

The plaintiffs filed their petition at law and asked for a jury trial, which was subsequently waived. The district court recognized in its ruling that the case was tried at law. Furthermore, objections were ruled on at trial. We consider the case to be at law and review for correction of errors at law. In a law action, the district court's findings of fact are binding upon us if those facts are supported by substantial evidence. Iowa R. App. P. 6.904(3)(a). Evidence is substantial if

reasonable minds could accept it as adequate to reach the same findings. *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996).

**ISSUES ON APPEAL.** The plaintiffs contend there was no easement by implication or estoppel by acquiescence. They request damages for trespass, contending that the continued presence and use of the septic tank on their property amounts to a trespass and they are entitled to money damages. They further ask that defendants be required to remove that part of the system on their land.

**A. Estoppel By Acquiescence.**

The plaintiffs contend that the district court incorrectly held that they were estopped from bringing their trespass claim because this action was not filed until nine years and 363 days after Glenn's death on August 3, 2004. Although the doctrine of estoppel by acquiescence bears an "estoppel" label, it is, in reality, a waiver theory. *Markey v. Carney*, 705 N.W.2d 13, 21 (Iowa 2005). This doctrine applies "where a person knows or ought to know that he is entitled to enforce his right . . . and neglects to do so for such a length of time as would imply that he intended to waive or abandon his right." *Humboldt Livestock Auction, Inc. v. B&H Cattle Co.*, 155 N.W.2d 478, 487 (Iowa 1967). "Estoppel by acquiescence is based on an examination of the . . . actions [of the individual] who holds the right in order to determine whether the right has been waived." *Davidson v. Van Lengen*, 266 N.W.2d 436, 439 (Iowa 1978). Under Iowa law, it is not necessary to prove prejudice to establish estoppel by acquiescence. *See id.* In contrast, the doctrine of equitable estoppel requires proof that the party alleging an

estoppel relied on a false representation or concealment of material fact "to his prejudice and injury." *Fencl v. City of Harpers Ferry*, 620 N.W.2d 808, 815 (Iowa 2000). The doctrine of estoppel by acquiescence is more akin to waiver than to equitable estoppel due to the absence of the justifiable reliance and prejudice elements. *Westfield Ins. Cos. v. Econ. Fire & Cas. Co.*, 623 N.W.2d 871, 880 (Iowa 2001).

Considering all the facts, we do not believe the district court erred in finding estoppel by acquiescence. The district court found, and we agree, that Randolph was well aware of the presence of the septic tank on Tract A. Furthermore, Randolph had knowledge of the system's presence when he purchased Tract A. He had held an interest in the property by virtue of his grandfather's transfer, his grandfather's death, and then his father's death. Furthermore, Randolph's own testimony was that the septic tank could remain there until his mother's death or vacation of the residence on the 2.1 acre tract.

The plaintiffs also argue that the district court erred in not recognizing that even though he had a remainder interest in the property since it was transferred to Charles's grandchildren in November 1959, the period of possession to support his position did not begin to run until he had full title to the property because as a joint remainderperson, he was not required to establish his rights until he had title and possession. There is some support for his position. *See* 3 Am. Jur. 2d *Adverse Possession* § 221 (2d ed.) ("The statute of limitations never runs against a remainderman or reversioner during the existence of the life estate for the reason that no cause or compelling right of action is in the

remainderman or reversioner during the life estate."). However, we do not accept that argument here. The septic tank was constructed in about 1956. At the time Charles held title to the land that is designated as Tract A. Though there is no written record of the grant of an easement, obviously there was some kind of agreement or permission between Charles and his son, Glenn, that Glenn could install the septic tank on what was then Charles's land. The record does not illustrate what the agreement was, but there is no evidence that at any time during Charles's life time he sought to have Glenn remove the septic tank from Tract A, nor was there any evidence that removal was sought during Glenn's lifetime. The prior owners of the real estate recognized and acquiesced in the placement of the septic tank more than half a century ago. *See Tewes v. Pine Farms Inc.*, 522 N.W.2d 801, 806 (Iowa 1994) (noting boundary by acquiescence may be shown through the landowners' predecessors' knowledge and the ten-year period of acquiescence may accrue before the current landowner took possession).

Because the defendants proved the defense of estoppel by acquiescence, the plaintiffs trespass claim fails. Accordingly, their claim for damages for the septic tank being located on their property fails.

**B. Easement By Prescription.**

We believe that defendants have also shown they have an easement by prescription. We recognize the district court attempted to amend its order to also conclude that defendants had a prescriptive easement after the notice of appeal was filed. We agree that the district court was without jurisdiction to do so. *See*

*In re Marriage of Courtney*, 483 N.W.2d 346, 348 (Iowa Ct. App. 1992) (noting the district court lacks jurisdiction to modify a decree while it is pending on appeal). However, this court may affirm on grounds other than those relied upon by the court below provided they were urged below. *Wenck v. State*, 320 N.W.2d 567, 569 (Iowa 1982); *Citizens First Nat'l Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980). Even if the district court incorrectly found an easement by implication, we will not disturb its judgment if we are satisfied that it reached the correct result. *See Schnabel v. Vaughn*, 140 N.W.2d 168, 172 (1966). We are obliged to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding. *General Motors Acceptance Corp. v. Neil*, 176 N.W.2d 837, 841-42 (Iowa 1970). In their post-trial brief, the defendants requested the court recognize the property was "subject to an easement right" alternative relief to their boundary by acquiescence and quiet title claims. Because finding the existence of an easement by prescription is a proper basis for affirming, we consider it on appeal.

An easement by prescription "is similar to the concept of adverse possession." *Johnson v. Kaster*, 637 N.W.2d 174, 178 (Iowa 2001); *see also Simonsen v. Todd*, 154 N.W.2d 730, 736 (Iowa 1967). It "is created when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and hostilely for ten years or more." *Johnson*, 637 N.W.2d at 178. The facts relied upon to establish a prescriptive easement "must be strictly proved. They cannot be presumed." *Simonsen*, 154 N.W.2d at 736.

The requirements of hostility and claim of right are closely related. *Johnson*, 637 N.W.2d at 178. Hostility refers to declarations or acts that show the declarant or actor claims a right to use the land. *Id.* "Similarly, a claim of right requires evidence showing an easement is claimed as a right." *Collins Trust v. Allamakee Cnty. Bd. of Supervisors*, 599 N.W.2d 460, 464 (Iowa 1999). It must also be established that the servient owner had express notice of the claim of right, not just the use of the land. *Phillips v. Griffin*, 98 N.W.2d 822, 825 (Iowa 1959). This notice may be actual or established by "known facts of such [a] nature as to impose a duty to make inquiry which would reveal [the] existence of an easement." *Anderson v. Yearous*, 249 N.W.2d 855, 861 (Iowa 1977).

A claim of right must be shown by evidence independent of the use of the easement. *Collins Trust*, 599 N.W.2d at 464; *Simonsen*, 154 N.W.2d at 736. That is because permissive use of land is not considered to be hostile or under a claim of right. *See Collins Trust*, 599 N.W.2d at 464 n.1. Moreover, "[c]ontinued use does not, by mere lapse of time, become hostile or adverse." *Mensch v. Netty*, 408 N.W.2d 383, 387 (Iowa 1987).

The Iowa Supreme Court relaxed the traditional requirements for a prescriptive easement "in those situations in which the party claiming the easement has expended substantial amounts of labor or money in reliance upon the servient owner's consent or his oral agreement to the use." *Simonsen*, 154 N.W.2d at 733. Prescriptive easements based on this relaxed standard "are determined either on the theory of a valid executed oral agreement or on the principle of estoppel." *Id.*

Under this exception to the strict rules governing prescriptive easements, an easement by prescription may arise "in those instances in which the original entry upon the lands of another is under an oral agreement or express consent of the servient owner and the party claiming the easement expends substantial money or labor to promote the claimed use in reliance upon the consent or as consideration for the agreement."

*Brede v. Koop*, 706 N.W.2d 824, 828 (Iowa 2005) (quoting *Simonsen*, 154 N.W.2d at 495).

The evidence clearly supports a finding the defendants had a prescriptive easement for the septic system.  The evidence shows there was labor and money put towards the installation, coupled with the fact that the system has been in place for over fifty years and no one had complained.  Because the evidence supports the finding of an easement, we affirm.[3]

The plaintiffs contend that the defendants should be required to remove the septic tank.  Because of our holding, we need not address this issue except to say that there is no evidence that the defendants own the system and the tank.  Rather, it appears that the system and tank are affixed to the real estate and became the plaintiffs' property when they purchased the property, including Tract A.

**AFFIRMED.**

---

[3] Because the finding of a prescriptive easement is dispositive, we need not consider the plaintiffs' argument that the court erred in finding an easement by implication exists.