# IN THE COURT OF APPEALS OF IOWA

No. 15-1873
Filed August 31, 2016

**DAVID BACULIS and KAREN BACULIS,**
    Plaintiffs-Appellants,

**vs.**

**DIANA B. BACULIS,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

Property owners appeal the district court's decision denying their petition to establish a boundary line by acquiescence. **AFFIRMED.**

Robert S. Hatala and Chad D. Brakhahn of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellants.

Desirée A. Kilburg of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee.

Considered by Mullins, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

This case involves a boundary line dispute between two adjacent property owners in Johnson County. David and Karen Baculis filed a petition seeking to establish the boundaries of the property under Iowa Code chapter 650 (2013) and to quiet title under Iowa Code chapter 649 against Diana Baculis. David and Karen assert Diana acquiesced to the location of the boundary line. The district court found in favor of Diana, dismissing David and Karen's petition. David and Karen appeal claiming substantial evidence does not support the district court's decision.

The parties agree the standard of review for this appeal is for correction of errors at law. *See Ollinger v. Bennett*, 562 N.W.2d 167, 170 (Iowa 1997). While there is some dispute about the proper standard of review for boundary-acquiescence cases, *see Albert v. Conger*, No. 15-1638, 2016 WL 4384102, at *1 & n.2 (Iowa Ct. App. Aug. 17, 2016), in light of the fact the parties agree regarding the standard of review and the fact this case was tried at the district court at law, we will review this case for the correction of errors at law. *See Johnson v. Kaster*, 637 N.W.2d 174, 177 (Iowa 2001) ("Generally, we will hear a case on appeal in the same manner in which it was tried in the district court."). Under this standard of review, "[t]he trial court's findings carry the force of a special verdict and are binding on us if supported by substantial evidence." *Johnson*, 637 N.W.2d at 177.

A boundary line between two properties can be established by acquiescence if the party seeking to establish the boundary proves by clear evidence there is a "mutual recognition by two adjoining landowners for ten years

or more that a line, definitely marked by fence or in some manner, is the dividing line between them." *Egli v. Troy*, 602 N.W.2d 329, 333 (Iowa 1999) (citation omitted). "Acquiescence exists when both parties acknowledge and treat the line as the boundary. When the acquiescence persists for ten years the line becomes the true boundary even though a survey may show otherwise and even though neither party intended to claim more than called for by his deed." *Id.* (citation omitted).

Here, the district court, after hearing testimony from a number of witnesses, concluded:

> The Court finds no clear evidence that [Diana] knew about any definite or certain boundary line that [David and Karen] claimed as the boundary line. There is no clear evidence as to the exact location of the alleged acquiescence line. [David and Karen] offered contradictory evidence on this issue. David's testimony was that the acquiesced boundary line was the fence line. However, David wrote letters stating that the fence line moved at least once and perhaps more than once during [Diana's] and [Diana's ex-husband]'s ownership of the property. No party offered testimony as to the previous location of the fence. In their Petition, [David and Karen] describe the alleged acquiesced line as being marked by fence lines, bushes, trees, or other shrubbery, but the testimony presented at trial established that the arborvitae trees were planted two to three feet south of the fence. These lines are not the same line.
> . . . .
> There simply is no evidence in the record of consent on the part of [Diana] to the boundary line claimed by [David and Karen]. [David and Karen] and [Diana] have maintained and used the disputed tract, and there clearly has been an ongoing dispute over the location of the boundary line. There is no evidence that the maintenance provided by [David and Karen] was the exclusive maintenance provided in the disputed area, and [David and Karen] have not provided proof that [Diana] and [Diana's ex-husband] consented to [David and Karen's] boundary claim after [Diana] and [Diana's ex-husband] purchased the property in 1993. The Court is persuaded by [Diana]'s testimony that [the former owner] also did not give consent to the acquiesced boundary line. . . . With respect to the partial fence, there simply is no clear evidence that the partial

fence ever was treated mutually as a boundary by [David and Karen] and [Diana] for ten years. Further, as to the allegation that the tree line marks the acquiesced line, the evidence was clear that there was a two to three foot gap between the fence and the trees, and the trees were not planted until 1995. This also does not constitute evidence of a mutual agreement by the parties to establish an acquiesced line for a ten year period anytime between 1995 and the present date.

[David and Karen] have failed to show by clear evidence that the asserted property line was being treated as a boundary; that the parties acknowledged and treated the line as a boundary; or that there was acquiescence that persisted for ten years. Therefore, all of [David and Karen's] claims necessarily fail, as [David and Karen] are not entitled to injunctive relief or a decree quieting title in their name where they cannot prove boundary by acquiescence.

Upon our review of the record, we conclude substantial evidence supports the district court's decision, and we affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**