# IN THE COURT OF APPEALS OF IOWA

No. 18-0613
Filed June 5, 2019

**GENE L. FRANKLIN and CONNIE JOHNSON, EXECUTORS OF THE FAE BLACK ESTATE; GENE L. FRANKLIN, CONNIE JOHNSON, CURTIS L. FRANKLIN, JULIE PEDRICK, BRUCE FRANKLIN, and GREOGRY S. FRANKLIN,**
        Plaintiffs-Appellees/Cross-Appellants,

**vs.**

**MICHAEL JOHNSTON, ELIZABETH JOHNSTON, STEVE JOHNSTON, and JUDITH YEAGER,**
        Defendants-Appellants/Cross-Appellees,

**and**

**KASONDRA JOHNSTON and JAMES YEAGER,**
        Defendants.
_____

Appeal from the Iowa District Court for Van Buren County, Randy S. DeGeest, Judge.

The defendants appeal the district court's ruling of a prescriptive easement. The plaintiffs cross-appeal the district court's dimensions of said easement. **AFFIRMED ON APPEAL; REVERSED ON CROSS-APPEAL.**

Lucas C. Helling (until withdrawal) and Vanessa M. Y. Willman (until withdrawal) of Foss, Kuiken & Cochran, P.C., Fairfield, for appellants.

Michael C. Vance of Vance Law Office, Mt. Pleasant, for appellees.

Considered by Vogel, C.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, Chief Judge.**

Michael (Mike) Johnston, Elizabeth Johnston, Steve Johnston, and Judith Yeager (the Johnstons) appeal, and Gene Franklin and Connie Johnson (the Franklins) cross-appeal, the district court's ruling following a remand from our court. *See Franklin v. Johnston*, No. 15-2047, 2017 WL 1086205, at *13–14 (Iowa Ct. App. Mar. 22, 2017). The Johnstons and the Franklins are owners of adjacent property. After years of litigation, both at the district court and appellate court levels, the parties again appeal, asserting the district court's ruling on the Johnstons' dock and shoreline area was incorrect. The Johnstons assert they should have been granted fee simple ownership of the disputed area rather than a prescriptive easement, and the Franklins claim the district court should have included restrictions for the size and location of the dock and the width of the shoreline. We affirm the district court's grant of a prescriptive easement but order the boundaries of the easement area be limited to the dimensions requested by the Franklins.

## I. Background Facts and Proceedings

Otto and Pauline Estle, the Johnstons' predecessors in title, decided to construct a lake, and their neighbors, James and Fae Franklin, granted them a "perpetual easement" to overflow onto their land. The agreement was executed in April 1962 with James and Fae Franklin granting

> a perpetual easement for the right to occasion overflow by water from the land of the [Estles] to and on and over the lands of [James and Fae Franklin] such as would be occasioned by the construction of a dam not to exceed forty (40) feet in height in a ditch located on the land of the [Estles] which ditch traverses the property of [James and Fae Franklin], and [the Estles] are hereby granted the perpetual right to erect and maintain such dam and thereby occasion an overflow of

water onto and over such portion of [James and Fae Franklin's] land as may be occasioned by the construction of said dam . . . .

The agreement goes on to stipulate each parties' rights and restrictions. The Estles' and the Franklins' successors in interest are the current parties to this action—the plaintiffs-appellees, the Franklins, and the defendants-appellants, the Johnstons.[1]

The Franklins brought suit in May 2013, after the Johnstons prohibited them from using any part of the lake covering the Johnstons' land. Trial was held on September 15, 16, 17, 20, and 22, 2015. On November 5, 2015, the district court made several findings, but pertinent to this appeal were findings that both parties may use the entire lake for fishing and any other lawful purpose and that the boundary line was the fence on the north side of the lake. The Johnstons appealed to our court, and the Franklins cross-appealed.

In the March 2017 opinion, our court stated,

We . . . agree with the district court's conclusion that the Franklins have proven a prescriptive easement to use the entire lake. We affirm the district court's rejection of the Johnstons' claim of a boundary by acquiescence through and on the south side of the lake due to the lack of clear evidence to support the claim . . . .
. . . . However, we remand this matter to the district court so that it may expand its decision with respect to the shoreline and dock near Mike Johnston's property. On remand the parties may offer to the district court evidence and legal argument to support their claim for the proper designation of this property. However, Mike Johnston's use of this dock should never impede the Franklins' prescriptive easement to use the entire lake.

*Franklin*, 2017 WL 1086205, at *14.

---

[1] More details as to the chain of title to both properties and the history of the various family members' use of the entire lake can be found in our opinion from the first appeal. *See Franklin*, 2017 WL 1086205, at *1–3.

On remand, the district court determined the Johnstons had "clearly established an easement by prescription for the land described . . . as Auditor's Parcel 'P.'"[2]  The Johnstons appeal, arguing the district court should have granted them fee simple ownership of Parcel "P."  The Franklins cross-appeal, asking our court to confine the dimensions of Parcel "P."[3]

## II.  Standard of Review

Both parties agree this matter was heard in equity, so our review is de novo. *Passehl Estate v. Passehl,* 712 N.W.2d 408, 414 (Iowa 2006) ("Because this matter was tried by the district court wholly in equity, we review this appeal de novo.").

## III.  Fee Simple Title

### A.  Compliance with 2017 Court of Appeals Opinion

The Johnstons argue the district court should have granted them fee simple ownership in the dock and shoreline area near Mike Johnston's home, Parcel "P," because our 2017 opinion required such a finding.  The Franklins claim the district court's ruling complied with our 2017 opinion because the language did not specify the property designation.

Our 2017 opinion stated,

> There is a dearth of evidence in the record about the size, location, condition, and history of the shoreline and dock that exists

---

[2] Parcel "P" is a parcel identified by a surveyor hired by the Johnstons prior to trial.

[3] The Johnstons filed a motion to stay submission on April 22, 2019.  The Franklins filed a resistance on April 23, and we denied said motion on April 25.  On May 15, the Johnstons filed another motion requesting the submission be stayed, to which the Franklins filed another resistance on May 20, adding a request for sanctions.  The Johnstons filed a response to the Franklins' resistance on May 27.  On May 31, the Franklins filed a reply to the Johnstons' resistance to the Franklins' motion to strike the Johnstons' motion for stay along with another request for sanctions.  We again deny the Johnstons' request and decline to impose any sanctions.

near Mike Johnston's property on the north side of the lake. However, this is understandable because it was the district court's decision, ending the boundary by acquiescence at the southernmost fence post and then running the property line due east until it intersects with the deed line, that created the [parties'] current dispute over the use of this shoreline and dock. In order to prevent further future litigation over this shoreline and dock, we remand this case to the district court so that it may expand its ruling as to the boundary line north of the lake so that the shoreline and dock near Mike Johnston's house remain part of Mike Johnston's property. The parties may offer evidence and legal argument to the district court as to the proper designation of this piece of property. However the parties and the district court resolve the language, the size and location of the dock should never impede the prescriptive easement of the Franklins to access and enjoy the Johnstons' side of the lake as described above.

*Franklin*, 2017 WL 1086205, at *13. This language instructs the district court on remand to consider evidence presented by both parties and ultimately determine the "proper designation of [the] piece of property." *Id.* Therefore, we find the district court's ruling complied with our 2017 opinion.

## B. Adverse-Possession and Boundary-by-Acquiescence Claims

Next, the Johnstons assert their claims of adverse possession and boundary by acquiescence were sufficiently proved by the evidence in the record, and therefore, the district court should have awarded them fee simple ownership of the shoreline and dock area within Parcel "P." However, in its 2018 ruling, the district court found "granting the Johnstons a fee simple ownership in Parcel 'P' [was] not supported by the evidence, nor [was] it conducive to avoiding future litigation." Instead, the district court found "[t]he Johnstons [had] clearly established an easement by prescription for the land described . . . as Parcel 'P.'"

After the ruling was entered, the Johnstons moved to enlarge or amend the ruling. First, they requested the district court amend their pleadings to include a

claim of adverse possession, arguing evidence at trial supported this claim. However, the district court declined to enlarge its ruling and noted,

> The basic premise upon which this Court determined that each party had a reciprocal easement to use and enjoy the lake was that the use was not an exclusive use. Each party could use all of the lake for recreational purposes, and each party from time to time has used most all of the lake. The [Johnstons'] claim of adverse possession fails to establish their exclusive use of Parcel "P," and fails to establish a claim of right necessary to establish adverse possession. The [Johnstons'] claim to Parcel "P" is found by the Court to be one of use of the parcel, not a claim of fee simple ownership.

The Johnstons' motion also requested the district court reconsider their claim of boundary by acquiescence, arguing it did not properly acknowledge the "overwhelming" testimonial evidence indicating the fence north of the lake was extended through the lake to the south at one time. In response, the district court found the evidence "was insufficient to establish by a preponderance of the evidence that a boundary by acquiescence was established." It further stated, "There simply was not enough proof brought forth by the [Johnstons], and therefore the Court declines to find a fence running into the lake established a boundary by acquiescence."

First, "[t]o establish title by adverse possession, one must prove open, exclusive, continuous, actual and hostile possession under claim of right or color of title for at least [ten] years." *Council Bluffs Sav. Bank v. Simmons*, 243 N.W.2d 634, 636 (Iowa 1976). While "[w]e consider principles of adverse possession when determining whether an easement by prescription has been created," the two are not the same. *Johnson v. Kaster*, 637 N.W.2d 174, 178 (Iowa 2001). "Under Iowa law, an easement by prescription is created when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and

hostilely for ten years or more." *Id.* An "easement by prescription concerns the use of property and adverse possession determines acquisition of title to property by possession." *Id.*

In the findings of fact, the district court noted "the specific conduct of the Johnstons over the [fifty] years the lake has been in existence, including building and maintaining the dock, support their claim of right to the shoreline and lake surrounding the dock and that their claim was hostile and a claim of right." The Johnstons assert they have maintained a dock and made improvements to it for over thirty years, and therefore, have established the exclusivity element of adverse possession for the dock as well as the shoreline. However, at the hearing, members of the Franklin family testified they used the entire shoreline for many years without the need to ask the Johnstons for permission. In their testimonies, Gene and Curtis Franklin acknowledged the dock was considered Mike Johnston's property and the Franklin family did not use it.

Based on the record, we agree with the district court and find the grant of a prescriptive easement is an appropriate designation of the dock and shoreline area near Mike Johnston's home. The evidence before us does not warrant a grant of fee simple ownership, and as the district court noted, such grant would not prevent future litigation. Therefore, we affirm the district court's rejection of the Johnstons' adverse-possession claim.

Next, the Johnstons argue the district court should have granted them a fee simple ownership of the dock and shoreline area because they successfully established their boundary-by-acquiescence claim. Specifically, the Johnstons claim the district court failed to properly consider the credible testimony provided

by the Johnstons and by Ray Lehn, a Department of Natural Resources District Forester. The Franklins claim the 2015 district court ruling "absolutely govern[s]" this claim. They argue that ruling, which our court affirmed in part, "determined absolutely no acquiescence boundary was proven in order to convey to [the Johnstons] title to any land included in the [Franklins'] deed title south of the southern fence post terminus of the north side acquiescence boundary."

In our 2017 opinion, we affirmed the district court's rejection of the Johnstons' boundary-by-acquiescence claim and stated,

> [W]e agree with the district court that the evidence was far from clear that the Franklins or their predecessor in title knew of the existence of a mowed path, knew the mowed path was the claimed boundary line and did nothing, and that those two conditions existed for ten years.

*Franklin*, 2017 WL 1086205, at *11. Moreover, in the district court's ruling on the Johnstons' motion to enlarge or amend, the district court stated,

> The [Johnstons] . . . request[] the Court to Enlarge and Amend its findings to establish a temporary fence that at some times extended into the lake to prohibit cattle from going into the water and going on to the neighbor's property establish a boundary by acquiescence. The Court finds that the evidence of a temporary fence running into the water was insufficient to establish by a preponderance of the evidence that a boundary by acquiescence was established. There simply was not enough proof brought forth by the [Johnstons], and therefore the Court declines to find a fence running into the lake established a boundary by acquiescence.

While the Johnstons argue their testimony alone established their boundary-by-acquiescence claim, the district court was able to hear the testimony and determine the credibility of each witness. "Our courts have repeatedly recognized that while in cases of equity the reviewing court is not bound by the fact findings of the trial court, factual disputes which depend heavily on the

credibility of witnesses are best resolved by the trial court which has a better opportunity to evaluate credibility." *Hartford-Carlisle Sav. Bank v. Shivers*, 552 N.W.2d 909, 911 (Iowa Ct. App. 1996). Thus, we defer to the district court's credibility findings and find the record on appeal does not warrant disruption of those findings. Therefore, we affirm the district court's second rejection of the Johnstons' claim of boundary by acquiescence.[4]

## IV. Specificity of Johnston's Dock Dimensions and Shoreline

In 2015, the district court found "that south of the lake and under the lake, the deed line is the legal boundary before the parties." The district court concluded and ordered "the legal boundary of the parties commence[] at the southernmost fence post of the fence line north of the lake . . . and run[] due east to a point that intersects with the deed line." In 2018, the district court found the Johnstons "may construct and maintain a dock of their choosing so long as it lies entirely within Auditor's Parcel 'P'."[5]

On cross-appeal, the Franklins request we redraft the boundaries of Parcel "P" by shortening the distance from 87.95 feet to sixty-seven feet. Additionally, they request we reduce the east-to-west line from 74.68 feet on the north and 78.92 feet on the south to twenty feet for each. They assert an approximate seventy-five-foot width is excessive because the record clearly shows the Johnstons'

---

[4] The Johnstons also ask us to overturn the district court's ruling on the Franklins' motion to enlarge or amend, if we grant the Johnstons a fee simple ownership. Since we decline to do so, we affirm the amendment to the district court's ruling to clarify the grant of a prescriptive easement.

[5] Parcel "P" extends the acquiesced fence line, north of the lake, to a point 87.95 feet south of what the district court determined to be the end point of "the southernmost fence post." The southern east-to-west line measures 78.92 feet and intersects with the legal deed line to the east. The northern east-to-west line measures 74.68 feet and also intersects with the legal deed line to the east.

docks, both present and past, have never exceeded five feet in width. Such reduction would also minimize any interference with the Franklins' right to use the entire lake, as was directed in our 2017 opinion, that "the size and location of [Mike Johnston's] dock should never impede the prescriptive easement of the Franklins to access and enjoy the Johnstons' side of the lake." *Franklin*, 2017 WL 1086205, at *13. Twenty feet of shoreline is ample area to allow access from the Johnston property to the dock. We agree with the Franklins' proposal, and on our de novo review, we order the boundaries of Parcel "P" be changed accordingly. If another survey is required to set said boundaries, the Franklins shall bear that expense.

## V. Conclusion

We conclude the district court appropriately granted the Johnstons a prescriptive easement in the dock and shoreline. Additionally, we order the boundaries of such easement be changed to conform to the Franklins' requested specifications.

**AFFIRMED ON APPEAL; REVERSED ON CROSS-APPEAL.**