**IN THE COURT OF APPEALS OF IOWA**

No. 18-2158
Filed January 9, 2020

**SAMIR M. SHAMS,**
        Plaintiff-Appellant,

**vs.**

**SONA HASSAN,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Sarah E. Crane, Judge.


        Samir Shams appeals the order dismissing his claims of conversion, breach of contract, and breach of fiduciary duty against Sona Hassan following a bench trial. **AFFIRMED.**


        Kenneth J. Weiland Jr. of Weiland Law Firm, Des Moines, for appellant.

        Steven C. Reed of Law Offices of Steven C. Reed, West Des Moines, for appellee.


        Considered by Doyle, P.J., Potterfield, S.J.*, and Carr, S.J.*

        *Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

Samir Shams appeals the dismissal of his claims against Sona Hassan. Shams alleged Hassan, his sister, misappropriated $271,773.93 from a checking account he entrusted her with to provide for his children and pay his bills while he worked in Iraq from 2004 to 2006.[1]  The district court dismissed the claims after finding his breach-of-fiduciary-duty claim was barred by the statute of limitations and Shams failed his burden of proving conversion and breach of contract.

This action began in 2011.  The district court dismissed Shams's petition for lack of personal jurisdiction, but the Iowa Supreme Court reversed.  *See Shams v. Hassan*, 829 N.W.2d 848, 852 (Iowa 2013).  In 2015, a jury awarded Shams $148,501.60 in damages but found in Hassan's favor on her defamation counterclaim, awarding her $29,566.25 in compensatory and punitive damages. Our supreme court reversed the judgment against Hassan on appeal because the district court failed to submit a factual dispute on the statute of limitations to the jury.  *See Shams v. Hassan*, 905 N.W.2d 158, 159 (Iowa 2017).  It remanded the matter for a new trial.  *See id.*

A second trial occurred in September 2018, this time to the bench.  The parties stipulated "that if compensatory damages are to be awarded herein, and not barred by affirmative defense, the amount shall be $148,501.60," the amount awarded by the jury in the first trial.  In its ruling, the trial court found that the statute of limitations barred only Shams's breach-of-fiduciary-duty claim.  But, although his claims for conversion and breach of contract were not barred, the court

---

[1] Hassan paid Shams $50,000 in 2009, but Shams alleges she refused to return the remaining balance.

determined that Shams failed to prove the elements of each by a preponderance of the evidence.

The parties agree that our review is for correction of errors at law. *See Metro. Prop. & Cas. Ins. Co. v. Auto-Owners Mut. Ins. Co.*, 924 N.W.2d 833, 839 (Iowa 2019). The trial court's fact findings have the effect of a special verdict and are binding on us if supported by substantial evidence. *See id.* We view the evidence in the light most favorable to the judgment, liberally construing the trial court's findings to uphold it. *See id.* The question is not whether the evidence supports a different finding but whether it supports the finding the court made. *See id.*

Shams contends the court failed to honor the parties' stipulation. In his view, the parties stipulated that he had proved each claim against Hassan and the only question before the trial court was whether Hassan proved at least one affirmative defense for each claim. But even if his interpretation of the stipulation is correct, Shams has failed to preserve error on this claim. Shams states that he preserved error by filing a timely notice of appeal, but this is insufficient. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) (noting that although reference to filing a timely notice of appeal "is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation"). "As a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court." *Id.*; *accord Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the

district court before we will decide them on appeal."). To preserve error, a party must alert the district court to the issue at a time when the district court can take corrective action. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000). That is because our error preservation rules are "designed to preserve judicial resources by avoiding proceedings that would have been rendered unnecessary had an earlier ruling on the issue been made." *Id.* Although Shams claims he could not have obtained a ruling earlier because it did not become apparent until the judgment was rendered, filing a motion under Iowa Rule of Civil Procedure 1.904(2) would have alerted the trial court to any error. *See Johnson v. Kaster*, 637 N.W.2d 174, 182 (Iowa 2001) (holding landowners failed to preserve error on a claim that the trial court erred in granting an easement that substantially increased the burden on their property because they raised the issue for the first time on appeal rather than request that the trial court enlarge or amend its findings). Shams failed to do so. A motion under this rule "advise[s] counsel and the appellate court of the basis of the trial court's decision in order that counsel may direct [an] attack upon specific adverse findings or rulings in the event of an appeal." *Id.* (quoting *Ritz v. Wapello Cty. Bd. of Supervisors*, 595 N.W.2d 786, 789 (Iowa 1999)).

Shams also contends that the trial court placed an unfair burden of proof on him in proving his conversion claim. The main issue before the trial court was whether Hassan used the funds as Shams intended and whether she failed to return the remaining funds to Shams. Shams argues that to succeed on his claim, the court required him to perform the near impossible task of proving a negative by showing Hassan did not refund his money and that he had no control over it

because of Hassan's actions. Because he had no access to the accounts in which Hassan deposited the money, Shams argues that it is unfair to require him to prove what happened to the money beyond stating Hassan did not return it to him.

In its ruling, the trial court noted the lack of documentary evidence introduced at trial "due to the time lag between the events at issue and the bench trial." For instance, the only exhibit that purported to account for the funds was Hassan's response to an interrogatory. Neither party detailed the bank records or tried to trace the funds. And the trial court noted that some bank records were unavailable because of how much time had passed. The case therefore rested largely on "which 'side of the story' the court [found] more credible—that of Shams or that of Hassan." And on that issue, the court found Hassan presented the more credible evidence. It noted that Hassan's son, Emery, testified that Hassan used the funds to pay tuition and rent for Shams's children. As we note below, the trial court credited this evidence. Emery also testified that Hassan converted some funds to cash, which others brought to Shams in Egypt. In contrast, the court noted that Shams did not respond to the testimony about whether his children received money for tuition or rent, and that it did not find his denial that he received cash in Egypt credible given the other evidence. Noting that Shams bore the burden of proving Hassan did not spend the funds as he intended, the court refused to assume, without more, that Hassan converted the funds she deposited into her account. We find no error.

Shams also challenges the trial court's finding on Emery's credibility, but "[t]he trier of fact—here, the district court—has the prerogative to determine which evidence is entitled to belief." *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551

N.W.2d 611, 614 (Iowa 1996). Because it is in a better position to evaluate the credibility of the witnesses, factual disputes depending heavily on credibility "are best resolved by the district court." *See id.* Although another fact finder may have concluded differently, substantial evidence supports the court's conclusion that Shams failed to prove his claims. Deferring to the trial court's credibility findings and applying the standard of review required, we affirm the order dismissing Shams's claims against Hassan.

**AFFIRMED.**