# In the Iowa Supreme Court

No. 24–1753

Submitted January 21, 2026—Filed May 15, 2026

**Leonora Streeter, Rodney DeHaan, Esther DeHaan, Kurt Menefee, Robert Lampe, Douglas Benjamin, Barbara Benjamin, Teresa Garvey, Charlotte Thoma, Jeffrey Burke, Jan Burke, Jane Flammang, Aaron Flammang, Susan Sundlin, Steve Brennan, Kevin Brennan, Brian Brennan, Alison Brennan, Sally Brennan, Robert Marksbury, Lynn Marksbury, Lynn Stick, Denise Stick, Mark Pyle,** and **Jamie Pyle,**

Appellants,

vs.

**The Dunn Trust Dated May 20, 2005, Charles L. Dunn,** and **Diane K. Dunn,**
co-trustees,

Appellees.

Appeal from the Iowa District Court for Dickinson County, Don E. Courtney, judge.

A group of landowners appeal the district court's dismissal of their petition to vacate a default judgment that granted a neighbor quiet title to a road near their property. **Reversed and Remanded.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Dalton J. Kidd (argued) of Kidd Law Firm, PLLC, Arnolds Park, for appellants.

David L. Brown (argued) of Hansen, McClintock & Riley, Des Moines, for appellees.

Brenna Bird, Attorney General; Eric H. Wessan, Solicitor General; and Eric M. Dirth and Halle Kissell (argued), Assistant Attorneys General, for amicus curiae State of Iowa ex rel. Iowa Department of Natural Resources.

**McDermott, Justice.**

A private trust filed a petition to quiet title to a section of unpaved road near West Okoboji Lake. Many decades earlier, a large plat of land on which the road sits had been dedicated to the public. The trust claimed that it was unable to identify any interested parties and served notice of the action by publication in a local newspaper. After no party came forward to contest the petition, a default judgment was entered in favor of the trust. Later, a group of landowners in the area petitioned to vacate the default judgment, arguing that they, the State of Iowa, or both were entitled to personal service of the trust's lawsuit. The district court ultimately denied their petition, and they now ask us to find that the default judgment should be set aside because of the trust's failure to personally serve the proper parties.

## I.

The road in question in this case sits within an area known as Triboji Beach. Triboji Beach derives its name from the land's first owner, the Tribune Company, and the body of water that the land abuts, West Okoboji Lake. The original Triboji Beach plat, which was filed with Dickinson County by the Tribune Company in 1929, certified that the beach, "together with the [p]arks, [b]oulevards and [d]rives" around it, were "dedicated to the public for use as such." Although the area was never incorporated within the official legal boundaries of any city, it is undisputed that the public has in fact used the dedicated land. Among other uses, people used the roads to reach the beach, which in turn was used by the public for fishing, swimming, and other recreational activities.

This case marks our second appeal surrounding the public dedication of Triboji Beach. More than forty years ago, in *Marksbury v. State*, nearby property

owners filed suit to enjoin the Iowa Conservation Commission from exercising jurisdiction over the area under a statute governing lake-adjacent land. 322 N.W.2d 281, 284 (Iowa 1982). The property owners argued that the dedication was restricted to Triboji Beach property owners or, alternatively, that if the area had been dedicated to the general public, the public never validly accepted it. *Id.* We disagreed, holding that the dedication was made to, and properly accepted by, the general public. *Id.* at 284–86. We also rejected claims that the public's interest had been lost through abandonment, estoppel, or adverse possession. *Id.* at 286–87. Our ruling confirmed the interests of both the public and the Commission (now part of the Department of Natural Resources, or DNR) in Triboji Beach. *Id.* at 287–88.

This case involves a quiet-title action brought by Charles and Diane Dunn, acting as co-trustees of the Dunn Trust. The Trust owns property near a community park at the northern border of Triboji Beach. Both the park and the Trust's property—specifically Lots 6 through 9 of Block 33A—appear on the original 1929 plat map. Two roads border these properties: War Eagle Boulevard to the west and Lakeview Drive to the east. While War Eagle Boulevard is fully paved, Lakeview Drive is only paved south of Roosevelt Drive. North of that point, where the Trust property and the park are located, Lakeview Drive is entirely unpaved (shown here in an aerial photo outlined in blue). It offers access to the park and the beach area; the alternative entrance from War Eagle Boulevard requires pedestrians to navigate a ditch and a small grove of trees to reach the park.



In February 2017, the Trust filed a petition to quiet title to the park, naming the "Tribune Company" and its "Unknown Heirs, Devisees, and Claimants" as defendants. The Trust did not personally serve any party; instead, it provided notice solely by publication in a local newspaper for three weeks. When no one appeared in the case to contest the action, the district court entered a default judgment in favor of the Trust. Months later, the State of Iowa and the DNR moved to vacate that judgment, arguing that the Trust's failure to personally serve the State constituted fraud upon the court. The district court agreed, ruling that the State was a known successor in interest to the Tribune Company and was thus entitled to personal service. The Trust did not appeal this ruling, and the judgment as to the park was set aside.

A similar scenario, which had begun months earlier, was simultaneously playing out related to Lakeview Drive. In December 2016, the Trust filed a petition to quiet title to the unpaved portion of the road. Using the same strategy as it did in its attempt to quiet title to the park, the Trust sued "Unknown Claimants" and provided notice only by publication. Again, no one appeared in the case to contest the action, and the Trust obtained a default judgment. The State and the DNR did not contest this default judgment, as the DNR affirmatively disclaimed jurisdiction over Lakeview Drive. The decree remained unchallenged until January 2018, when a group of neighboring property owners—the petitioners in this case—learned of the judgment and filed a timely challenge to vacate the default.

The district court initially ruled in favor of the landowners and vacated the default judgment, reasoning that property dedicated to the public belongs to the State, and thus the State was a known party entitled to personal service. Further, because the Dunns personally knew several neighbors who used the road, the district court held that the Trust should have identified and served those individuals personally. The district court concluded that the failure to personally serve them constituted fraud.

The Trust filed a motion to reconsider, and the district court ultimately reversed its original ruling. In reconsidering, the district court concluded that the 1929 dedication did not grant the State a specific property interest in the road, and thus the State was not entitled to personal service. And the district court further held that serving an unknown number of potentially interested neighboring landowners via publication did not constitute fraud. As a result, the district court dismissed the petition to vacate, restoring the default judgment

quieting title to the road in the Trust. In this appeal, the landowners challenge that ruling.

II.

**A. Property Interests Created by Dedication.** The Tribune Company's public dedication of the Triboji Beach area, occurring nearly a century ago, remains central to the property interests at issue in this case. Under Iowa law, an express dedication of land to the public requires the satisfaction of three distinct elements: (1) an appropriation of the land for public use, evidenced by an act or declaration manifesting an intent to give the land to the public; (2) the owner's relinquishment of the use of the land to the public; and (3) actual acceptance of the land by the public. *Marksbury*, 322 N.W.2d at 284. In *Marksbury*, we determined that all three elements were met regarding Triboji Beach, concluding that the land had been validly dedicated to and accepted by the public. *Id.* at 284–86.

Dedication can take effect by operation of statute or by common law. The general rule provides that a right conferred on the public by common law dedication is typically an easement, whereas most statutory dedications vest ownership of the property in the public. *See* 22B Am. Jur. 2d *Dedication* § 3, at 7 (2024). A dedication falls within the scope of Iowa's dedication statute when it is formally approved by a city council or a county board of supervisors. Iowa Code § 354.19. The effect of the approval is to create a "deed in fee simple from the proprietors to the public." *Id.* In either form of dedication, the public acquires some interest in the property upon acceptance. *See Dugan v. Zurmuehlen*, 211 N.W. 986, 988 (Iowa 1927). Dedication may also confer interest in property on the state. Under Iowa Code § 461A.11(2), lands adjacent to meandered lakes and streams are subject to the jurisdiction of the DNR if

"conveyed by gift, dedication, or other means to the public." In *Marksbury*, we determined that this language applied to the Tribune Company's dedication of the beach area. 322 N.W.2d at 288.

Having set out the general property interests implicated by the still-effective 1929 dedication, we now address whether the petitioners and the DNR were entitled to personal service in the underlying quiet-title action.

**B. Service on the Petitioner Landowners.** The landowners assert that the district court failed to properly apply Iowa Rule of Civil Procedure 1.1012(2) in refusing to vacate the default judgment. Under this rule, "the court may correct, vacate or modify a final judgment or order" when a party shows "[i]rregularity or fraud practiced in obtaining it." Iowa R. Civ. P. 1.1012(2). The burden is on the party alleging irregularity or fraud to prove it by clear and convincing evidence. *In re Marriage of Cutler*, 588 N.W.2d 425, 430 (Iowa 1999).

In reviewing these claims, we are guided by "a longstanding policy in our state favoring the resolution of legal disputes on the merits." *No Boundary, LLC v. Hoosman*, 953 N.W.2d 696, 699 (Iowa 2021). As a result, default judgments are generally disfavored. *Id.* at 699–700. An "irregularity" occurs when there is a "[v]iolation or nonobservance of established rules and practices" and "[t]he want of adherence to some prescribed rule or mode of proceeding." *Forsmark v. State*, 349 N.W.2d 763, 767 (Iowa 1984) (en banc) (quoting Black's Law Dictionary 744 (rev. 5th ed. 1979)). Such a failure consists of omitting something necessary for "the due and orderly conducting of a suit." *Id.* (quoting Black's Law Dictionary 744 (rev. 5th ed. 1979)).

We applied this principle in *Forsmark v. State*, where a medical malpractice judgment was vacated because the trial judge failed to disclose that his deceased brother's estate was simultaneously suing the plaintiffs' expert witness. *Id.* at

765. We concluded that judicial impartiality is fundamental to the "due and orderly conducting of litigation" and that the judge's failure to address the conflict constituted a procedural irregularity under the rule. *Id.* at 767.

Because quiet-title actions are equitable in nature, our review is de novo. *Fink v. Lawson*, 30 N.W.3d 582, 591 (Iowa 2026); *Larman v. State*, 552 N.W.2d 158, 161 (Iowa 1996). In seeking to "determine all conflicting claims and to remove all clouds from the title," a petitioner invokes the court's equitable powers. *Smith v. Cretors*, 164 N.W. 338, 340–41 (Iowa 1917).

Consistent with the constitutional protections of due process, Iowa Code § 649.2 requires a petitioner to name any defendant who the petitioner "is credibly informed and believes . . . makes or may make some claims adverse to the petitioner." While Iowa Rule of Civil Procedure 1.310(10) allows for service by publication in quiet-title actions against nonresidents or parties "whose residence is unknown," service by publication is an exception to the rule requiring personal service. Even when service by publication is permitted, a petitioner must still mail notice to the party's last-known address unless an affidavit is filed stating that "no mailing address is known and that diligent inquiry has been made to ascertain it." *Id.* r. 1.311(1). In addition, when a party serves by publication, the district court must make a specific finding, either before or as part of the judgment, that the address used "is the last-known mailing address, or that no such address is known, after diligent inquiry." *Id.* r. 1.311(3).

The neighboring landowners have established by clear and convincing evidence that the Trust knew, or reasonably should have known, that the adjacent property owners, in the words of Iowa Code § 649.2, "may make some claims adverse" to the Trust's petition. Little imagination is required to realize

that residents living next to a road, and regularly using that road, would likely contest an attempt to seize exclusive title to it.

Indeed, the record demonstrates the Trust's actual knowledge of these interests. Diane Dunn's testimony confirmed that the Trust was aware of Esther DeHaan's efforts to seek improvements to the road and Barbara Benjamin's past attempts to control the road by blocking it off with a rope. (DeHaan and Benjamin are both petitioners in this case.) She further acknowledged that other "neighbors who also have adjacent property" had personally funded the installation of gates at the road's entrances. The petitioners attached nine affidavits to their petition describing their own and their neighbors' open, longtime use of the road. Even for those neighboring landowners not personally known to the Dunns, their identities and addresses were readily ascertainable through publicly available records kept by the county recorder's or assessor's office.

The Trust failed to provide notice to any of these easily identifiable neighbors. What's more, the district court failed to make the "diligent inquiry" finding required by rule 1.311(3). This failure to name and serve known or readily ascertainable parties ignores the "due and orderly conducting of litigation" and raises significant due-process concerns. *Forsmark*, 349 N.W.2d at 767. Under both the quiet-title statute and fundamental equitable principles, the Trust was required to provide direct notice to these claimants. The failure constitutes a procedural irregularity within the meaning of rule 1.1012(2), requiring that the default judgment be vacated.

**C. Service on the DNR.** Both the landowners and the DNR, as an amicus curiae, raise a separate basis for reversal centered on the Trust's failure to serve the DNR with notice of the lawsuit. Iowa Code § 461A.11(2) grants the DNR and

a related commission, the Natural Resource Commission, authority over certain land gifted to the public adjacent to meandered waters, stating in part:

> Any land adjacent to a meandered lake or a meandered stream which has been conveyed by gift, dedication, or other means to the public, but has not been conveyed to the jurisdiction of a specific state agency or political subdivision, shall be subject to the jurisdiction of the commission and to the rules promulgated pursuant to this chapter.

Iowa Code § 461A.11(2). As the district court concluded in the related case in which the Trust sought to quiet title to the park, the DNR maintains jurisdiction over the park adjacent to Lakeview Drive under the Triboji Beach dedication. In that related case, the Trust tried to quiet title in the park by using an improper notice, forcing the DNR to (successfully) petition the district court to vacate the quiet-title order.

In this case, the Trust used the same notice-by-publication strategy to quiet title to the road. The DNR, for its part, did not object as it did in the related case because it has elected not to exercise jurisdiction under § 461A.11(2) as to the road. The district court, in its ruling on the motion for reconsideration, held that the DNR was not entitled to personal service of the petition. Both the DNR and the petitioners contend that the district court's ruling on the Trust's service obligations was in error.

In *Marksbury*, we considered whether the Iowa Conservation Commission (now DNR) had the right to develop the beach within the Triboji Beach area, including constructing a boat ramp for the public, under a prior iteration of § 461A.11(2). 322 N.W.2d at 283–84. We held that the public dedication of Triboji Beach conveyed an interest to the public and that the precursor to § 461A.11(2) vested the Commission with jurisdiction to exercise control over the property. *Id.* at 287–88. We thus affirmed the district court's rejection of the plaintiffs' claims

against the Commission for adverse possession and estoppel. *Id.* at 286–88. Under our holding in *Marksbury*, the DNR maintains control over land when a public dedication occurs that triggers § 461A.11(2) and the DNR exercises jurisdiction. *Id.* at 287–88.

The State argues that the DNR could—if it so chose—have jurisdiction over the road. Although the DNR does not presently assert jurisdiction over the road, there's no evidence that the Trust knew as much when it failed to serve the DNR with the quiet-title petition. A petitioner seeking to quiet title must provide notice to any party that "may make" a claim adverse to the petitioner. Iowa Code § 649.2. Publication becomes an option only if personal service "cannot be had on an adverse party." Iowa R. Civ. P. 1.310. We gauge the sufficiency of the Trust's service by publication based on the evidence presented at the time the Trust sought service. The Trust's request to serve by publication mentions nothing about the DNR or its potential jurisdiction over the road under § 461A.11(2). Although the DNR ultimately did not assert jurisdiction, the district court erred in concluding that notice did not need to be served on the DNR. The DNR's potential jurisdiction over the land under § 461A.11(2) required the Trust to personally serve the State, and there's no evidence that personal service on the State could not be completed.

We thus conclude that the district court erred in allowing service by publication as to the State in light of its potential interest in the road under § 461A.11(2).

### III.

For these reasons, we vacate the default judgment that quieted title to the road in favor of the Trust, reverse the district court's dismissal of the landowners' petition under rule 1.1012, and remand for further proceedings.

**Reversed and Remanded.**